UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY GILL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   No.: 19-cv-1139-MMM |
| | ) |
| IDOC JOHN BALDWIN, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, pursues a § 1983 action alleging excessive force, retaliation and deliberate indifference to his serious medical needs at the Illinois River Correctional Center ("IRCC").[1] The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on November 12, 2018, he was on a 15-minute crisis watch, presumably in response to verbalized thoughts of suicide or other threat of self-harm. On the 3 p.m. to 11 p.m. shift, Defendant Jones opened the chuckhole door and placed a chair directly in

---

[1] Plaintiff styled his complaint as arising under § 1983 or, alternately, *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). As the named defendants were not employees or agents of the federal government, Plaintiff's claims are reviewed under § 1983 and not *Bivens*.

1

front of it where he sat, staring at Plaintiff.  Defendant continue to do so though Plaintiff told him that this was triggering his anxiety.  When Defendant failed to cease the surveillance, Plaintiff closed the chuckhole door, only to have Defendant re-open it.  The two went back and forth several times, ending when Defendant Jones allegedly slammed the chuckhole door, injuring Plaintiff's hand.

Plaintiff indicates that his hand was swollen and extremely painful.  He asked Defendant Jones to get him medical attention and Defendant refused.  Plaintiff claims that he was in agony and unable to sleep that night.  The following morning, November 13, 2018, Plaintiff met with Defendant Phelps and Ms. Fraser, a member of the mental health staff, not a party to this action.  In response to Plaintiff's complaints, they contacted healthcare staff.  Defendant Nurse Bartlett responded, made a cursory visual inspection of Plaintiff's hand, and prescribed him ibuprofen.

Plaintiff indicates that he was released from crisis watch on an unidentified date, still feeling great pain in his hand.  Plaintiff submitted a sick call slip and, on November 15 or 16, 2018, was seen by a Jane Doe Nurse.  This Nurse, too, merely looked at his hand and prescribed ibuprofen, ignoring Plaintiff's request for an x-ray.  She also informed Plaintiff that, per Wexford policy, he would not be referred to a physician or nurse practitioner until he had been seen in nursing sick call three times for the same complaint.

Plaintiff indicates that he filed a grievance, presumably about Defendant Jones slamming the chuckhole door on his hand.  He claims that Defendant Phelps thereafter wrote a false incident report, claiming that it was Plaintiff who shut the chuckhole door on his hand.  Plaintiff alleges that the false report was issued in retaliation for Plaintiff's filing the grievance.  Plaintiff also complains of Warden Hammers, who allegedly "signed off on this perjured document" and participated in Defendant Phelps fraudulent attempts to cover up for Defendant Jones.

In an excessive force claim the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). Here Plaintiff does not claim that Defendant Jones purposefully slammed the door on his hand so to have acted maliciously or sadistically. There remains the inference that Defendant unwittingly caught Plaintiff's hand when he slammed the chuckhole door. This claim is DISMISSED, though Plaintiff will be given an opportunity to replead, should he wish.

Plaintiff also alleges that staff were deliberately indifferent to his hand injury. He claims that Nurse Bartlett and the Jane Doe Nurse merely made visual observations of his hand, and prescribed ibuprofen. He asserts, also, that though he wanted to be seen by a physician or nurse practitioner, Wexford policy would not allow this unless he had previously been seen three times in nursing sick call.

While deliberate indifference a prisoner's serious medical need violates the Eighth Amendment, *Snipes v DeTella*, 95 F.3d 586, 590 (7th Cir. 1996), a claim does not rise to the level of an Eighth Amendment violation unless the punishment is "deliberate or otherwise reckless in the criminal law sense… the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonella v. Sheehan,* 81 F.3d 1422, 1427 (7th Cir. 1996). Furthermore, a prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes* at 591, citing *Thomas v. Pate,* 493 F.2d 151, 158 (7th Cir. 1974).

Here, Plaintiff wanted to be seen by a physician or nurse practitioner and wanted an x-ray of his hand. He does not claim, however, that his hand was broken and does not allege facts to support that he had a particular need to be seen by a healthcare practitioner other than a nurse. While he complained of pain, both Nurse Defendants gave him ibuprofen. Plaintiff does not claim that the ibuprofen was inadequate or that he made subsequent complaints to the nurses which went unanswered. While Plaintiff did not get the care he wanted, he fails to plead that the nurses' conduct was "deliberate" or "reckless." The deliberate indifference claims against Nurse Bartlett and Nurse Jane Doe are DISMISSED, though Plaintiff will be given an opportunity to replead.

Plaintiff does, however, plead a colorable deliberate indifference claim against Defendant Jones. He alleges that Defendant was aware that Plaintiff's hand was swollen and painful and, nonetheless, failed to inform medical staff or provide him any aid. To the extent that a claim of deliberate indifference is construed against Defendant Phelps, it is DISMISSED. Plaintiff asserts only that on November 13, 2018, he told Defendant Phelps of his injury and that Defendant called Nurse Bartlett to see him.

Plaintiff also claims that Defendant Phelps wrote a false incident report regarding the chuckhole incident in retaliation for Plaintiff having grieved the matter. To effectively allege retaliation, a plaintiff must claim that he was engaged in some protected First Amendment activity, that he experienced an adverse action that would likely deter such protected activity in the future, and that the protected activity was "at least a motivating factor" in Defendant's retaliatory action. *Bridges v. Gilbert,* 557 F.3d 541, 552 (7th Cir. 2009). Here, Plaintiff filed a grievance which Defendant Phelps allegedly investigated, reporting findings which did not support Plaintiff's version of events. Here, Plaintiff has advanced a circular argument, that

4

Defendant, in effect, denied the grievance in retaliation for Plaintiff having filed it. *See Washington v. Hodges*, No. 12-854, 2013 WL 3200452, at *7 (S.D. Ill. June 24, 2013) (plaintiff's claim that "keeping [him] locked in the examination room with no contact with the medical staff was in retaliation for his request to speak with the medical staff… is circular and does not state a retaliation claim.") Furthermore, while grievance filing is constitutionally protected, the mere denial of a grievance by one not involved in the underlying claim does not state a constitutional violation. *See Burks v. Raemisch,* 555 F.3d 592, 595–96 (7th Cir.2009) (a prison grievance examiner does not become personally liable for the alleged unconstitutional actions of others). The retaliation claim against Defendant Phelps is DISMISSED.

This same reasoning applies to Defendant Hammers who is not liable to Plaintiff merely for signing-off or approving the denial of the grievance. *See Id.; George v. Smith,* 507 F.3d 605, 609–10 (7th Cir.2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." Defendant Hammers is DISMISSED.

Plaintiff also names "IDOC John Baldwin." As Plaintiff has allege no claims against IDOC ("Illinois Department of Corrections") itself, and as IDOC is not amendable to suit in a § 1983 action, the Court construes the complaint as naming IDOC Director John Baldwin in his individual capacity. Here, however, while Plaintiff names this Defendant in the caption, he has asserted no allegations against him in the body of the complaint. Under section 1983, plaintiff must allege personal liability on the part of a defendant. "[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005) (citations omitted). Merely naming a defendant in the caption is insufficient to state a claim. *Jones v. Butler,* No. 14-00846, 2014 WL 3734482 *2 (S.D. Ill. July 29, 2014). Defendant "IDOC John Baldwin" is DISMISSED.

Plaintiff also names Wexford Health Sources, Inc., alleging that it had a policy which required that a prisoner be seen three times in nursing sick call before being seen by a physician or nurse practitioner. Private corporations such as Wexford may, if acting under color of state law, be held liable for injuries resulting from their policies and practices. *Monell v. Dep't of Social Servs. Of City of New York*, 436 U.S. 658, 690-91 ( 1978). For liability to attach, however, Plaintiff must have been injured due to the policy at issue. Here, Plaintiff has pled that he made a single complaint of pain to Defendant Bartlett and to Nurse Jane Doe, to which each responded by prescribing ibuprofen. Plaintiff has not pled any facts to support that his injury required treatment by a physician or nurse practitioner, or that had he been seen by these professionals, different treatment would have been offered him. As a result, Plaintiff does not establish that the three-visit policy caused him harm. *See Ray v. Wexford Health Services, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013) ("if an identified policy causes no harm to the plaintiff, there is no possible relief.") Wexford is DISMISSED.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed on the deliberate indifference claim against Defendant Jones. The excessive force claim against Defendant Jones is DISMISSED with leave to replead within 30 days. The deliberate indifference claims against Defendants Bartlett and Jane Doe are also DISMISSED with leave to replead within 30 days. If Plaintiff repleads these claims he is to file an Amended Complaint which is to include all of his claims without reference to a prior pleading. The deliberate indifference claim and retaliation claim against Defendant Phelps and the claims against Defendants "IDOC John Baldwin," Hammers and Wexford are DISMISSED for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any claims not identified will not be included in the case, except in the Court's discretion upon

motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants "IDOC John Baldwin," Hammers and Wexford are DISMISSED.

    2.    Plaintiff files [5], a motion for recruitment of *pro bono* counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED at this time. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel.

    3.    The Clerk is directed to send Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

    4.    If Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5.    Defendant shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE

WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

| | |
|---|---|
| 7/25/2019<br>ENTERED | s/Joe Billy McDade<br>JOE BILLY McDADE<br>UNITED STATES DISTRICT JUDGE |