## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY GILL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 19-cv-1139-MMM |
| | ) |
| . JONES, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint under § 1983, alleging excessive force and deliberate indifference to his serious medical needs at the Illinois River Correctional Center ("IRCC"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The Court conducted a merit review of Plaintiff's original complaint on July 25, 2019. There, the Court found that Plaintiff had pled a colorable deliberate indifference claim against Defendant Jones. The Court dismissed the excessive force claim against Defendant Jones, with leave to replead. The Court also dismissed the deliberate indifference claims against Defendants Bartlett and a Jane Doe Nurse, with leave to replead.

Plaintiff realleges that on November 12, 2018, he was on a 15-minute mental health crisis watch. On the 3 p.m. to 11 p.m. shift, Defendant Jones opened the chuckhole door and placed a chair directly in front of it where he sat, staring at Plaintiff. Defendant continue to do so though Plaintiff told him that this was triggering his anxiety. When Defendant failed to cease the surveillance, Plaintiff closed the chuckhole door, only to have Defendant re-open it. The two went back and forth several times, exchanging "heated words." Plaintiff rested his hand on the chuckhole and Plaintiff Defendant allegedly, intentionally slammed it, injuring Plaintiff's hand. Plaintiff indicates that his hand was swollen and painful and, despite his requests, Defendant Jones refused to provide him medical attention.

Plaintiff experienced pain throughout the night. The following morning, Officer Phelps responded, calling Defendant Nurse Bartlett. Plaintiff claims, however, that Defendant Bartlett merely glanced at his hand from across the table and prescribed him ibuprofen. Defendant Bartlett did not refer Plaintiff to a physician as requested but advised that he could put in for sick call if the pain did not abate. Plaintiff claims that he put in for sick call several days later but, "regardless of how many nurses I was seen by I got the same results which was nothing other than mere ibuprofen." Plaintiff does not claim, however, that he specifically told Defendant Bartlett that he continued to experience pain in his hand.

Plaintiff indicates that several months later, he was seen by an unnamed Nurse Practitioner who ordered x-rays of his hand. The February 1, 2019 x-ray showed a healing fracture of the hand. Plaintiff claims that Defendants Jones and Bartlett, as well as not particularly identified nursing staff, were deliberately indifferent to his serious medical condition in failing to adequately treat is injury.

Plaintiff claims that Defendant Jones purposefully slammed the door on his hand states a claim of unconstitutional force. *See Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (the relevant inquiry in an excessive force claim is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.") Plaintiff also states a colorable claim that Defendant Jones was deliberately indifferent in regard to the resulting hand injury.

Plaintiff's allegations against Defendant Bartlett, however, fail to state a claim. When Defendant saw him the day after the injury, she performed a cursory review and provided pain medication. Defendant also advised Plaintiff to submit a sick call request in the event that the pain did not subside. While Plaintiff claims that he complained of pain to various staff members, he does not claim that he made any subsequent complaints to Defendant Bartlett. As a result, Plaintiff fails to allege that Defendant Bartlett had a sufficiently culpable state of mind. That is, that Defendant's behavior was "something approaching a total unconcern for [plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994).

Plaintiff makes a general reference to other nurses, not indicating with whom he spoke, when he spoke to them, the complaints he relayed, or the treatment which he requested. This is too vague to state a claim against unnamed nursing staff. *See Ross Brothers Construction Co., Inc., v. International Steel Services, Inc.* 2002 WL 413172 at 4 (7th Cir. 2002) (Fed. R. Civ. P. 8(a)(2) requires that a complaint place a defendant on fair notice of the claims against him). The deliberate indifference claims against Nurse Bartlett and Doe Nurses is DISMISSED.

3

**IT IS THEREFORE ORDERED:**

1. This case shall proceed on the deliberate indifference and excessive force claims against Defendant Jones. The deliberate indifference claims against Defendants Bartlett and unnamed Doe Nurses is DISMISSED with leave to replead within 30 days. If Plaintiff repleads these claims he is to file a Second Amended Complaint which is to include all of his claims without reference to a prior pleading. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. The Court notes that the claims against Defendant Phelps had been dismissed in the Court's July 25, 2019 merit review order. The clerk is to terminate Defendant Phelps as a party.

3. Plaintiff's motion for status [18] is rendered MOOT by this order.

_____                  s/Joe Billy McDade
ENTERED                  JOE BILLY McDADE
                 UNITED STATES DISTRICT JUDGE